[Cite as *In re Erdman*, 2024-Ohio-707.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| IN RE:  SCOTT WAYNE ERDMAN | Case No. 2023-00629VI |
| SCOTT WAYNE ERDMAN | Magistrate Holly True Shaver |
| Applicant | <u>DECISION OF THE MAGISTRATE</u> |

{¶1}    On January 17, 2024, a hearing was held on Scott Wayne Erdman's ("applicant") appeal of the Attorney General's ("AG") August 30, 2023 final decision.

{¶2}    In his application, applicant sought lost wages, clothing damaged during medical treatment, lost financial support for victim's dependents, and travel/lost wages to attend criminal proceedings.  In his request for reconsideration and in his notice of appeal, applicant stated that he also seeks reimbursement for the attorney's fees that were deducted from the award that he received from the Bureau of Workers' Compensation ("BWC").  At the hearing, applicant stated that he was no longer pursuing his claim for travel/lost wages to attend criminal proceedings.  In addition, the claim for lost financial support for victim's dependents is applicable only when there is a deceased victim.  Therefore, applicant's remaining claims are for lost wages including the resulting attorney's fees and damaged clothing.

{¶3}    Applicant was a victim of criminally injurious conduct on July 29, 2022, when he was shot in the abdomen by a customer at a 7-11 convenience store.  Applicant was working at the 7-11 at the time of the criminally injurious conduct, and, as a result, he filed a claim for benefits through BWC.  Applicant's BWC claim was granted.

{¶4}    In the final decision, the AG found that applicant's claim for work loss and clothing replacement costs was outweighed by the benefits that applicant received from

his BWC claim.  The AG also stated that applicant's claim for attorney's fees that were deducted from his BWC award when he retained an attorney for a wage adjustment in his BWC benefits was not compensable.

{¶5}  On December 14, 2023, the court granted the AG's motion for a continuance of the hearing so that the AG could thoroughly review all the documents in this case.  In the order, the court noted that the AG's work loss calculations appeared to contain an error in the 2023 federal tax deductions.  The court ordered the AG to file a supplemental brief specifically addressing whether an error was made in the federal tax calculations and whether this claim should be remanded for additional economic loss calculations.

{¶6}  On January 4, 2024, the AG filed a supplemental brief.  Therein, the AG explained that applicant's work loss for 2022 was calculated using the tax deductions as displayed on applicant's 2022 pay stubs.  However, because applicant did not work in 2023, a computer was used to calculate the tax deductions.  Applicant's filing status was entered as "Single, 0" because that was the same filing status for his state and local taxes on his 2022 pay stubs.  However, it was discovered that applicant's filing status for federal tax is "Single without Step 2 and 1 deduction."  After recalculating using the correct filing status for federal tax, the AG found that applicant was entitled to an award of $401.88 in work loss.  The AG requested that the claim be remanded for additional work loss calculations.

{¶7}  At the January 17, 2024 hearing, the parties appeared via Zoom videoconference.  Applicant represented himself while Assistant Attorney General Yan Chen represented the state of Ohio.

{¶8}  Applicant testified that his main concern at this time is the attorney's fees that were deducted from his BWC award when he received a wage adjustment.  Applicant referred to a balance sheet from attorney Mark Fishman which states that applicant was granted a wage adjustment from BWC in the amount of $4,457, that attorney Fishman was paid $1,485.67 from that amount, and that applicant received the remaining

$2,971.33. Applicant seeks reimbursement for the $1,485.67 that was paid to his attorney. Applicant also stated that the minimum wage has increased twice since he was injured and that his wages should have been calculated at the rate of $11.66 per hour instead of the rate that the AG used.

{¶9} The AG presented the testimony of Kate Wasson, an economic loss calculator for the AG's office. Wasson testified that the minimum wage is currently $10.10, and that during her investigation, she called applicant's boss, Amar Randhawa, who informed her that applicant's rate of pay would have been $10.50 per hour as of January 2023. Wasson testified that in the final decision, the calculations of work loss were erroneous because applicant's filing status was incorrect, as described in the AG's supplemental brief. However, after speaking to applicant's boss and using the correct filing status, applicant incurred $401.88 in work loss through September 1, 2023. Wasson also testified that applicant is entitled to $90 in clothing expenses. Wasson testified that applicant is entitled to an award for work loss and clothing expenses in the amount of $491.88 based upon the revised calculations. Wasson also testified that the net amount of applicant's BWC benefits were used when calculating his economic loss, so the amount of attorney's fees that were deducted were not considered as a collateral source.

{¶10} R.C. 2743.61(B) states, in pertinent part:

If upon hearing and consideration of the record and evidence, the court decides that the decision of the attorney general appealed from is reasonable and lawful, it shall affirm the same. If the court decides that the decision of the attorney general is not supported by a preponderance of the evidence or is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter judgment thereon.

{¶11} R.C. 2743.51(G) states:

"Work loss" means loss of income from work that the injured person would have performed if the person had not been injured and expenses reasonably incurred by the person to obtain services in lieu of those the

person would have performed for income, reduced by any income from substitute work actually performed by the person, or by income the person would have earned in available appropriate substitute work that the person was capable of performing but unreasonably failed to undertake.

{¶12} R.C. 2743.51(B)(5) states: "'Collateral source' means a source of benefits or advantages for economic loss otherwise reparable that the victim or claimant has received, or that is readily available to the victim or claimant from any of the following sources: * * * Workers' compensation."

{¶13} When calculating an award for work loss under R.C. 2743.51(G), net, not gross, income is awarded. *In re Eader*, 70 Ohio Misc.17, 434 N.E.2d 757 (Ct. of Cl. 1982); *In re Cleavenger*, 61 Ohio Misc.2d 342, 579 N.E.2d 298 (Ct. of Cl. 1989).

{¶14} R.C. 2743.51(F)(5)(b) states, in pertinent part:

For a victim described in division (L)(1) of this section, "allowable expense" includes * * * Attorney's fees not exceeding one thousand dollars, at a rate not exceeding one hundred dollars per hour, incurred to successfully obtain a restraining order, custody order, or other order to physically separate a victim from an offender.

{¶15} Attorney's fees, as an allowable expense, are limited to only those situations where a successful restraining order, custody order, or other order physically separates a victim from an offender. *In re Jastrzebski*, Ct. of Cl. No. V2009-40188tc (May 14, 2010), 2010-Ohio-2373.

{¶16} Upon review of the evidence contained in the claim file and after considering the testimony presented at the hearing, the magistrate finds that the final decision of the AG is not supported by a preponderance of the evidence. As the AG has shown in its supplemental brief, the original economic loss calculations contained errors in the federal tax calculations. However, the magistrate further finds that despite these errors, the AG did correctly consider applicant's net income when making economic loss calculations. Indeed, the attorney's fees that were withheld from applicant's BWC award were not

considered as a collateral source when the AG calculated his economic loss. Therefore, the magistrate finds that the calculations shown in the AG's supplemental brief and testified to at the hearing by Wasson are correct. Applicant's claim for attorney's fees does not constitute an allowable expense. Attorney's fees compensable through the Crime Victims Compensation Program are limited to only those incurred to successfully obtain a restraining order, custody order, or other order to physically separate a victim from an offender, pursuant to R.C. 2743.51(F)(5)(b). Therefore, applicant's claim for attorney's fees was properly denied by the AG.

{¶17} Accordingly, the magistrate concludes that the final decision of the AG is not supported by a preponderance of the evidence. The magistrate recommends that the final decision of the AG be reversed and vacated, and that the claim be remanded to the AG for economic loss calculations consistent with this decision.

{¶18} *A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

HOLLY TRUE SHAVER
Magistrate

Filed 2/2/24
Sent to S.C. Reporter 2/27/24